UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

**FILED**
JUL - 1 2014


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-30120 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| BRADLEY FREIDEL, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Defendant, Bradley Freidel, pleaded guilty to Arson in violation of 18 U.S.C. §§ 844(i) and (2) and was sentenced on December 14, 2009. As part of his sentence, defendant was ordered to pay restitution in the amount of $182,350. The Mandatory Victims Restitution Act (MVRA), codified at 18 U.S.C. §§ 3663, 3663A, and 3664, made restitution orders for the full amount of the victim's loss mandatory for certain offenses. Arson is one of the offenses for which restitution must be ordered, as it is included in "offenses against property" described in 18 U.S.C. § 3663A(c)(1)(A)(ii). Accordingly, under 18 U.S.C. § 3663A, this Court ordered defendant to pay restitution to the victim of his crime, i.e., Auto-Owner's Insurance of Willmar Minnesota (Auto-Owner's), the company who insured the destroyed building. On July 22, 2001, defendant set fire to D&D Value, a grocery store in Gettysburg, South Dakota, owned by Donn Gregory Quiett. After the fire, Auto-Owner's made two payments to Quiett, totaling $282,350.

Over a period of approximately seven years, Quiett paid Freidel around $58,490 with checks drawn on his personal checking account. Freidel also received some cash from Quiett. The two eventually came under the scrutiny of criminal investigators and both men were charged with arson in 2008.

Factual basis statements signed by each defendant pursuant to respective plea agreements differ as to exactly what events took place leading up to the fire. Freidel claims Quiett asked him to burn the store. Quiett denies this. For the purpose of this order, the discrepancy need not be addressed. In the end, Freidel pleaded guilty to arson and Quiett pleaded guilty to the lesser charge of misprision of a felony.

The total pecuniary loss to Auto-Owner's totaled $282,350, the amount paid on the policy to cover the property loss. Quiett made an offer to pay Auto-Owner's $100,000 if Auto-Owner's agreed not to seek restitution from him in the criminal proceedings. The parties agreed and Quiett made the payment. On December 14, 2008, at sentencing, Quiett received probation and a fine. Freidel was sentenced directly after Quiett's hearing ended. The $282,350 total victim's loss was reduced by $100,000 to reflect Quiett's payment to the victim. Freidel was sentenced to a term in prison and also ordered to pay restitution for the remaining amount of $182,350 (the recalculated full loss) as required under the MVRA. The United States Court of Appeals for the Eighth Circuit has said:

> [I]f the court finds more than one defendant responsible for a victim's loss, "the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." § 3664(h).

United States v. Moten, 551 F.3d 763, 767 (8th Cir. Ark. 2008).

Freidel now submits a motion to satisfy restitution though he has not yet paid the full amount due under his judgment and sentencing. Defendant has made restitution payments totaling $14,856.61 and has now obtained the victim's assertion to forgive the remaining money due in exchange for a final additional payment of $20,000. Defendant has tendered a cashier's check to Auto-Owner's for that amount and Auto-Owner's returned an official business letter stating that they are now satisfied and willing to consider the matter settled. *See generally* Doc. 99-2.

2

## OPINION

Under the MVRA, once ordered, restitution is a final judgment that may not be modified except under narrow conditions. They are listed at 18 U.S.C. § 3664(o) as follows:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that–
> (1) such a sentence can subsequently be–
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under 3742;
> (C) amended under section (d)(5); or
> (D) amended under section 3664(k), 3752, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

The purpose behind mandatory restitution orders under the MVRA is not merely to remedy the victim's loss. As part of a criminal sentence, restitution orders also contain a punitive aspect aligned with traditional penal theory. Like incarceration, it is a corrective option reserved by the government to enforce as necessary. "In sum, restitution is an appropriate and effective criminal sanction that promotes the criminal law's goals of rehabilitation, deterrence, and retribution." 97 Harv. L. Rev. 931, 941.

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant. [. . .] Unlike an obligation which arises out of a contractual, statutory or common law duty, here

3

> the obligation is rooted in the traditional responsibility of a
> state to protect its citizens by enforcing its criminal statutes
> and to rehabilitate an offender by imposing a criminal
> sanction intended for that purpose.

Kelly v. Robinson, 479 U.S. 36, 52, 107 S. Ct. 353, 362, 93 L. Ed. 2d 216, 230 (1986) (internal quotations omitted). As further evidence that Congress views restitution as punitive, the statute dictates that the victim cannot be compelled to participate in any phase of the criminal restitution order. 18 U.S.C. § 3664(g)(1).

In United States v. Boal, the United States Court of Appeals for the Eighth Circuit noted with approval "clearly correct" decisions that indicated the government's penal objective in imposing and collecting restitution. It cannot be waived by the victim. *See* United States v. Boal, 534 F.3d 965, 967-68 (8th Cir. 2008). Quoting from Boal, this Court determined in United States v. Johnson, "[a defendant's] restitution obligation is to the government and cannot be waived or excused by [the victim] and allowing defendants and victims to negotiate settlements of restitution violates public policy." United States v. Johnson, CR 06-10005, 2009 WL 816921 at *2, 2009 U.S. Dist. LEXIS 25824 (D.S.D. March 26, 2009) *citing* Boal, at 967 (internal quotations and numbering omitted).

Although the provisions listed in section 3664(o) allow a court to correct mistakes, substitute victims or beneficiaries of restitution, and modify payment plans due to a change in the defendant's financial situation; they do not permit reduction of the total restitution amount ordered because the defendant and victim wish to compromise on the debt in a private civil agreement. Cases in other federal circuits, such as United States v. Roper, 462 F.3d 336 (4th Cir. 2006), have also addressed the question. Roper stated that restitution cannot be remitted by the court.

> The MVRA does not explicitly give district courts the
> authority to remit a restitution order imposed thereunder.
> Moreover, the fact that such orders are mandatory counsels
> strongly against a conclusion that the MVRA impliedly gives
> the district court the power to remit them. It would be simply
> irrational to conclude that a district court has the authority to
> remit restitution orders that Congress has said must be

4

> mandatorily imposed: such authority would nullify the force
> and effect of the MVRA.

Roper at 338.

It is well established that: "A district court cannot set aside or alter judgment after it is imposed, unless a statute provides otherwise." United States v. Eagle, CR 00-50006 2013 U.S. Dist. LEXIS 19788 at *1 (D.S.D. Feb. 14, 2013) *citing* United States v. Regan, 503 F.2d, 234, 236 (8th Cir. 1974). The courts hold a strong interest in the firm finality of judgments. "Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." Eagle, at *1-2, *see also* Carlisle v. United States, 517 U.S. 416, 116 S.Ct. 1640, 134 L.Ed. 2d, 613 (1996). Freidel did not challenge his restitution obligation on direct appeal. He waived that right in his plea agreement. The time to challenge under F.R.Cr. P. 35 expired years ago and this is not an "arithmetical, technical, or other clear error" that would allow alteration of Freidel's judgment. Fed. R. Crim. P. 35; *see also* United States v. Sadler, 234 F. 3d 368, 374 (8th Cir. Mo. 2000) (describing "very narrow" situations allowing sentence modification under Rule 35). 18 U.S.C. § 3742 governs sentencing appeals where the sentence was imposed in violation of law, was incorrect under the sentencing guidelines, was greater than the guideline range, or was imposed for an offense for which there is no guideline and is plainly unreasonable. The sentence was valid when issued and followed the MVRA as it is codified law. Mr. Freidel has not petitioned for an extraordinary writ of *Audita Querela* as an avenue for relief. *Audita Querela* is sometimes used to vacate the consequences of a conviction that was valid when rendered, but has since become invalidated. It is not to be taken lightly. Rule 20 of the Rules for the Supreme Court of the United States provides:

> Issuance by the Court of an extraordinary writ authorized by
> 28 U.S.C. § 1651(a) is not a matter of right, but of discretion
> sparingly exercised. To justify the granting of any such writ,
> the petition must show that the writ will be in aid of the

5

>Court's appellate jurisdiction, that exceptional circumstances warrant the exercise of the Court's discretionary powers, and that adequate relief cannot be obtained in any other form or from any other court.

Sup. Ct. R. 20.

"[T]he writ of *Audita Querela* is not available to challenge a conviction where nothing occurs after the conviction to create a legal objection to that conviction." 7 Am.Jur. 2d Audita Querela § 4 (2014). Additionally, any ad-hoc or gap-filling extraordinary writ authorized by the All Writs Act at 28 U.S.C. § 1651 would not be proper here. "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle at 429 *citing* Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43, 106 S. Ct. 355, 361, 88 L.Ed. 2d 189, 197 (1985). To avoid any further erroneous belief that defendant was mistreated by the law, a brief explanation of an important matter regarding the MVRA is offered. American Law Reports, Federal, Second Edition states:

>Unlike the Sentencing Guidelines, which focus on "relevant conduct" the MVRA was enacted to create a "more victim-centered justice system" and it focuses on the "offense of conviction" when describing the losses subject to a restitution order. Since a restitution order must be based on losses directly resulting from the defendant's criminal conduct, a court should not look to the advisory Sentencing Guidelines for calculating a victim's losses in determining restitution under the MVRA.

Deborah F. Buckman J.D., & Kenneth B. Sills J.D., Mandatory Victims Restitution Act – Measure and Elements of Restitution to Which Victim is Entitled, 51 A.L.R. Fed. 2d 169 at *2.

6

More simply, Quiett's "offense of conviction" is not listed as one of the offenses categorized to warrant mandatory restitution under the MVRA, but Freidel's is listed. Arson is a serious crime. Freidel maliciously ignited a fire at D&D Value, ultimately destroying the building. Arson always has the potential to put lives at grave risk. This is especially true in a rural community like Gettysburg, where the fire department is staffed by volunteers, and the fire-fighting resources are limited. The co-defendants did not have the same roles nor admit to the same crimes in their respective plea agreements. The sentences received by each defendant reflect that difference. It was clearly within this Court's authority to apportion restitution between the two co-defendants according to the gravity of their culpable conduct, so long as the order demanded payment of the full $282,350 loss.

There is nothing to prevent a victim (who receives restitution from a defendant) to pay over the money received to the defendant. Auto-Owner's can certainly agree with the defendant to do just that *after* the defendant has met his obligations to the government who in turn remits the money received to the victim.

Now, therefore,

IT IS ORDERED that the defendant's motion (Doc. 99) to satisfy restitution is denied.

Dated this 30th day of June, 2014.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST
JOSEPH HAAS, CLERK

BY Barbara J. Vayado
               Deputy
   (SEAL)